IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| NUVINAIR, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>ODORZX, INC.,<br><br>    Defendant. | Civil Action No. _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff NuVinAir, LLC ("NuVinAir") files this Complaint for patent infringement against Defendant OdorzX, Inc. ("OdorzX"), and alleges as follows:

## PARTIES

1. NuVinAir is a Texas limited liability company having a place of business at 5851 Legacy Circle, Suite 600, Plano, Texas 75024.

2. OdorzX is a California Corporation with a place of business at 788 Pinefalls Avenue, Diamond Bar, California 91789 and, on information and belief, a regular and established place of business at 5900 Balcones Drive, Suite 100, Austin, Texas 78731.

## JURISDICTION AND VENUE

3. This is an action for patent infringement under the patent laws of the United States, namely, 35 U.S.C. §§ 1 *et* seq., including 35 U.S.C. §§ 271, 281, and 284, among others. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4.    OdorzX has operations in at least Austin, Dallas, and Houston, Texas.  *See* https://odorzx.com/ ("We disinfect and remove odors from Auto-Commercial-Residential Properties in … AUSTIN … HOUSTON… .").

5.    OdorzX has a registered agent for service located at 5900 Balcones Dr., Suite 100, Austin, Texas 78731.

6.    On information and belief, OdorzX through its officers, employees, or agents has provided and is providing Accused Services (defined below) at the Avis facility at the Austin-Bergstrom International Airport located in Austin, Texas as well as at the Avis facility located at the San Antonio International Airport in San Antonio, Texas, and/or, alternatively, has induced and is inducing others to infringe by providing the Accused Services within this District.

7.    The Court has personal jurisdiction over OdorzX because: (1) OdorzX has offices in Texas including in Austin; and/or (2) OdorzX, directly, by its own actions, and/or in combination with actions of customers and/or others under its control, has committed acts of infringement in this District at least by performing the Accused Services (defined below) in this District and/or by inducing others in this District to perform the Accused Services.

8.    Venue in this District is proper pursuant to 28 U.S.C. § 1400(b) because  has a regular and established place of business in this District, which is  located at 3601 South Congress Ave K100, Austin, Texas 78704, and/or, on information and belief, because OdorzX has a regular and established place of business in this District in Austin, Texas, and has committed acts of patent infringement in this District, including in Austin, Texas and San Antonio, Texas.

## FACTUAL ALLEGATIONS

### The Asserted Patent

9. NuVinAir is the owner by assignment of U.S. Patent No. 11,420,599, entitled "Apparatus and Systems for Air-Borne Cleaning of Surfaces," issued August 23, 2022 (the '599 Patent" or "Asserted Patent"), a true and correct copy of which is attached as Exhibit A.

### OdorzX's Accused Services

10. OdorzX offers services of disinfecting surfaces and/or removing odor from a variety of vehicles and types of real property. As an example, OdorzX offers its services for "Vehicle Odor Removal." *See* https://odorzx.com/vehicle-odor-removal/.

11. On information and belief, OdorzX has instructed its employees and/or agents to utilize a bottle having a battery powered agitator in combination with water and a chlorine dioxide tablets (the "Accused Apparatus") to provide the Vehicle Odor Removal services and/or other odor removal services (referred to herein as the "Accused Services"). One example of the Accused Apparatus is the PROMixx Shaker in combination with water and a chlorine dioxide solid tablet or gel pack.

12. On information and belief, OdorzX has provided Accused Services in this District, in Texas, and throughout the United States to national rental car companies including but not limited to Avis.

13. Alternatively or in addition to the above described acts, OdorzX has provided the Accused Apparatus or components thereof to other third parties intending that such parties utilize the Accused Apparatus to perform the Accused Services in an infringing manner within the United States.

14. On or about September 1, 2021, NuVinAir sent a certified letter (the "Letter") to OdorzX addressed to Shervin Gorgani, the CEO and a director of OdorzX, informing Mr. Gorgani that OdorzX's use of the Accused Apparatus to provide the Accused Services infringed claims in pending applications before the U.S. Patent and Trademark Office. OdorzX through its attorneys responded on September 9, 2021.

15. By the Letter or, alternatively, by the filing of this lawsuit, OdorzX has notice of the Asserted Patent and NuVinAir's allegations of infringement against the Accused Services, yet, in spite of such notice, has continued and continues to infringe.

## CLAIM FOR RELIEF – INFRINGEMENT OF THE '599 Patent

16. NuVinAir incorporates paragraphs 1 through 15 as though fully set forth herein.

17. The '599 Patent contains sixteen (16) claims, two of which, 1 and 10, are independent claims. Each of claims 1 and 10 is directed to a "method for cleaning surfaces of a microbial or viral contamination."

18. OdorzX has directly infringed one or more claims of the '599 Patent by using, offering for sale, and/or selling one or more patented inventions of the '599 Patent within the United States, all in violation of 35 U.S.C. § 271(a).

19. Alternatively or in addition to the allegations above, OdorzX has actively induced infringement of one or more claims of the '599 Patent.

20. As an example and not as a limitation, Claim 1 is as follows (wherein the bracketed numbers are included for ease of reference):

1. A method for cleaning surfaces of a microbial or viral contamination, the method comprising:

[1] closing off an environment containing the surfaces having the microbial or viral contamination;

[2] placing an apparatus inside the closed environment, the apparatus comprising: a container having therein water with a solid or a gel pack that releases a gaseous cleaning agent upward and out of the container; and

[3] allowing the gaseous cleaning agent to dwell for an effective time in the closed off environment to reduce the microbial or viral contamination on the surfaces within the closed off environment.

21. On information and belief, when providing the Accused Services, OdorzX through its employees or agents places the Accused Apparatus into a vehicle and then closes the doors of the vehicle, which action meets the limitation [1] of "closing off an environment… " as further recited in Claim 1.

22. On information and belief, before performing the "closing off" step [1], OdorzX places the Accused Apparatus containing water and a solid or gel pak of chlorine dioxide, and then activates the battery powered agitator thereby causing a gaseous cleaning agent to be released upward and out of the bottle of the Accused Apparatus, thereby meeting the limitation [2] of "placing an apparatus inside the closed environment…" as further recited in Claim 1.

23. On information and belief, after performing these steps in connection with providing the Accused Services, OdorzX leaves the Accused Apparatus in the closed vehicle for an amount of time effective to allow the cleaning agent to dwell on the surfaces thereof so as to reduce the microbial or viral contamination on such surfaces, thereby meeting the limitation [3]

of "allowing the gaseous cleaning agent to dwell for an effective time…" as further recited in Claim 1.

24. Therefore, OdorzX in providing the Accused Services using the Accused Apparatus has directly infringed and continues to infringe Claim 1. Furthermore, in a similar manner, OdorzX has directly infringed and continues to infringe Claim 10. In addition, OdorzX infringes one or more dependent claims of the '599 Patent.

25. For example and not as a limitation, on information and belief, the Accused Apparatus fits in a cup-holder of a vehicle, and, therefore, OdorzX has directly infringed and continues to infringe Claims 2 and 11.

26. In the alternative or in addition to the above infringing acts, OdorzX, knowing of the '599 Patent by at least the filing of this lawsuit has induced others, such as, for example, employees or agents of Avis, to infringe one or more claims of the '599 Patent by, for example, providing the Accused Apparatus with instructions as to using same in an manner that infringes one or more claims of the '599 Patent.

27. OdorzX's acts of infringement have occurred in this District and elsewhere throughout the United States.

28. In addition, NuVinAir has contractual relationships with one or more national rental car companies, and OdorzX's infringing activities are causing NuVinAir irreparable harm as to its relationships with its customers.

29. OdorzX's infringement of the '599 Patent is, at least after the service of this Complaint, willful. OdorzX's continuing infringement of the '599 Patent has caused NuVinAir

damages, and will continue to cause irreparable harm to NuVinAir unless OdorzX is enjoined by this Court.  NuVinAir does not have an adequate remedy at law.

## REQUEST FOR RELIEF

WHEREFORE, NuVinAir respectfully requests that this Court enter judgment as follows:

      A.      Declaring that OdorzX has directly infringed literally and/or under the doctrine of equivalents one or more claims of the Asserted Patent;

      B.      Declaring that OdorzX has induced infringement of one or more claims of the Asserted Patent;

      C.      Declaring that the asserted claims of the Asserted Patent are valid and enforceable;

      D.      A judgment that NuVinAir has been irreparably harmed by the infringing activities of OdorzX and is likely to continue to be irreparably harmed by OdorzX's continued infringement;

      E.      Awarding damages to NuVinAir in an amount to be proven at trial and adequate to compensate for infringement under 35 U.S.C. § 284, which damages may include lost profits but in no event shall be less than a reasonable royalty, for OdorzX's infringement;

      F.      Preliminary and permanent injunctions prohibiting OdorzX and its officers, agents, servants, employees and those persons in active concert or participation with any of them, as well as all successors or assignees of the interests or assets related to the Accused Services, from further infringement, direct and indirect, of the Asserted Patent;

      G.      Awarding reasonable attorneys' fees against OdorzX to NuVinAir as provided by 25 U.S.C. § 285 or other relevant law or provision;

      H.      Awarding expenses, costs, and disbursements in this action against OdorzX, including prejudgment and post-judgment interest;

      I.      Awarding such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, NuVinAir hereby demands a trial by jury of all issues so triable.

Dated: August 23, 2022				Respectfully submitted,

By: */s/Brian A. Carpenter*
    Brian A. Carpenter (SBN 03840600)
    CARSTENS & CAHOON, LLP
    13760 Noel Road, Suite 900
    Dallas, Texas 75240
    (972) 367-2001
    (972) 367-2002 Fax
    carpenter@cclaw.com

**ATTORNEY FOR PLAINTIFF**
**NUVINAIR, LLC**